**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Hudson 1701/1706 LLC,<br><br>          Debtors.[1] | Chapter 11<br><br>Case No. 25-11853 (KBO)<br><br>(Jointly Administered) |
| HUDSON 1701/1706, LLC, a Delaware limited liability company; and HUDSON 1702, LLC, a Delaware limited liability company,<br>          Plaintiffs,<br>-v-<br><br>356W58 GROUND LESSOR LLC, a Delaware limited liability company,<br><br>          Defendant. | Adv. Proc. No. 25-52471 (KBO) |

**NOTICE OF DEPOSITION OF DEBTORS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Rules 7030 and 9014 of the Federal

Rules of Bankruptcy Procedure, 356W58 Ground Lessor LLC ("Landlord"), by and through its

undersigned counsel, will take the deposition of the person(s) designated by the above captioned

debtors ("Debtors") to testify on their behalf about each of the topics of examination (collectively,

the "Topics") as set forth in **Attachment A**.  The deposition will take place at the offices of Boies

Schiller Flexner LLP, 55 Hudson Yards, New York, NY 10001 and shall commence on **April 28,**

**2026, at 9:00 a.m. E.T.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' headquarters and the mailing address for the Debtors is 11440 San Vicente Boulevard, 2nd Floor, Los Angeles, CA 90045.

**PLEASE TAKE FURTHER NOTICE THAT** the above referenced deposition will be taken before a court reporter who is authorized to administer oaths and will continue day to day, excluding Sundays and holidays, until completed.

**PLEASE TAKE FURTHER NOTICE** that said reporter will record the testimony by stenographic means and may utilize instant visual display of the testimony of deponent.  Notice of the possible use of instant visual display of the testimony is being provided pursuant to Federal Rule of Civil Procedure 30.

**PLEASE TAKE FURTHER NOTICE** that, under Federal Rule of Civil Procedure 30, the deposition may be recorded by videotape, and that, under Federal Rule of Civil Procedure 30, the videotape record of this deposition may be used at any hearing or trial.

**PLEASE TAKE FURTHER NOTICE**, in accordance with the applicable rules, that the Debtors shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf as to each of the topics set forth in **Attachment A** attached hereto. The Debtors are requested to provide Landlord with the identity of the individual(s) who will testify regarding each topic at least three business days in advance of the deposition.

Dated: April 17, 2026

**LANDIS RATH & COBB LLP**

*/s/ Matthew B. McGuire*
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Katherine S. Dute (No. 6788)
Soumya P. Venkateswaran (No. 7278)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile:  (302) 467-4450
Email: landis@lrclaw.com
mcguire@lrclaw.com
dute@lrclaw.com
venkateswaran@lrclaw.com

– and –

**ADLER & STACHENFELD LLP**
Kirk L. Brett (admitted *pro hac vice*)
Patrick O'Connor (admitted *pro hac vice*)
555 Madison Avenue, 6th floor
New York, New York 10022
Telephone: (212)883-1700
Facsimile: (212)883-8883
Email: kbrett@adstach.com
poconnor@adstach.com

*Counsel to 356W58 Ground Lessor LLC*

## ATTACHMENT A

## DEFINITIONS

For the purposes of the Topics, the following terms shall apply:

1.      "**Landlord**" refers to 356W58 Ground Lessor LLC.

2.      "**And**" and "**or**" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the Topics all Documents or information that might otherwise be construed as outside their scope.

3.      "**Any**" means "each and every," "any and all," and "any one."

4.      "**Between**" shall include "among" and vice versa.

5.      "**Communication**" means the transmission of information in any form and includes without limitation all inquiries, discussions, conversations, presentations, negotiations, agreements, understandings, meetings, telephone conversations, text messages, instant messages, Slack messages, Signal messages, Telegram messages, WhatsApp messages, iMessages, e-mails, social media, letters, notes, telegrams, advertisements, correspondence, memoranda, or other forms of verbal, written, or electronic intercourse, including drafts, facsimiles and copies, as well as originals.  The term "Communication" is not limited to internal Communications.

6.      "**Complaint**" shall mean the complaint filed in the above captioned adversary proceeding at *Complaint*, Case No. 25-52471 [D.I. 1].

7.      The term "concerning" is to be understood in its broadest sense and means concerning, constituting, identifying, evidencing, summarizing, commenting upon, referring to, relating to, arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, recording, including, negating, manifesting, containing, or comprising the subject matter identified.

8.    "**Construction Project**" shall have the meaning defined in the Ground Lease and includes but is not limited to the project, agreed to by You and Landlord, to convert premises at 353 West 57th Street in New York, New York from a hotel into approximately 400 residential units to be rented at market rates.

9.    "**Debtors**" means, collectively, Hudson 1701/1706, LLC and Hudson 1702, LLC, which filed voluntary chapter 11 petitions under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 and commenced the above-captioned chapter 11 cases.

10.    "**Document**" shall have the broadest meaning permitted by Rule 34 of the Federal Rules of Civil Procedure, applicable to this proceeding by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, but not limited to, any tangible thing upon which any expression, Communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, text messaging, instant messaging, Slack messaging, Signal messaging, Telegram messaging, WhatsApp messaging, iMessaging, e-mailing (whether in a business capacity or personal capacity), social media, computer disks, computer storage drives, computer tapes, or mechanical, electronic, or digital recording or information storage of any kind, and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate, or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, and all other writings and recordings of every kind that are in Your actual or constructive possession, custody, or control.

11.    "**Fallback Business Plan**" shall have the same meaning as that term is used in the Ground Lease.

12.    "**Fourth Amendment**" shall mean McGuire Declaration, Ex. Q.

13.    "**Ground Lease**" that certain lease between Hudson 1701/1706, LLC and Hudson 1702, LLC, and Landlord, dated May 4, 2022.

14.    "**HPD**" means the New York City Department of Housing Preservation and Development.

15.    "**Identify**" means (i) in relation to a natural person, to establish a person's identity such that the identity of the person will be ascertainable distinctly from all other like persons, and to provide the person's current or last known employer, current or last known mailing address, and current or last known telephone number; or (ii) in relation to a document or item, to establish the document's or item's identity such that the identity of the document or item will be ascertainable distinctly from all other like documents or items, and to state the name and address of the custodian of the document or item, the location of the document or item, and a general description of the document or item.

16.    "**Including**" means "including, but not limited to" and "including, without limitation." It shall not be construed to limit the scope of any definition or Topic herein.

17.    "**Parkview**" means Parkview Financial REIT, LP as well as any affiliates, agents, assigns, attorneys, representatives, or any other Persons acting or purporting to act Parkview's' behalf.

18.    "**Person**" means, without limitation, natural persons and individuals; sole proprietorships; general and limited partnerships; for-profit and non-profit corporations; unincorporated associations; other business entities; and governments, agents, employees, or

instrumentalities of governmental or legal entities. "Person" further includes without limitation "You" as defined below.

19. **"Relating to"** or **"related to,"** or any variant thereof, mean without limitation, referring to, concerning, pertaining to, discussing, mentioning, containing, reflecting, constituting, describing, displaying, showing, identifying, proving, disproving, consisting of, arising out of, supporting, or contradicting.

20. **"SRO Tenant"** shall have the same meaning as that term is used in the Ground Lease.

21. **"You"** or **"Your"** refer collectively to Hudson 1701/1706, LLC and Hudson 1702, LLC—as well as any agents, assigns, attorneys, representatives, or any other Persons acting or purporting to act on Your behalf.

22. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in *356W58 Ground Lessor LLC's Memorandum of Law in Support of Its Motion to Dismiss the Complaint*, Case No. 25-52471 [D.I. 16] (the "Motion").

23. Whenever necessary to bring Documents or other information within the scope of these Topics that might otherwise be construed to be outside their scope: (i) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (ii) the use of a word in its singular form shall be deemed to include within its use the plural form as well; and (iii) the use of a word in its plural form shall be deemed to include within its use the singular form as well.

## TOPICS OF EXAMINATION

**TOPIC NO. 1:**

The factors relevant to whether the Ground Lease should be characterized as a lease or a disguised financing, including those referenced in paragraphs 3 and 69-91 of the Complaint.

4

**TOPIC NO. 2:**

The impact upon the Debtors' estates if the Ground Lease is or is not recharacterized.

**TOPIC NO. 3:**

The facts and circumstances, including all Documents and Communications, of the Debtors (including the proposed conversion project) leading up to the Fourth Amendment.

**TOPIC NO. 4:**

The benefits and detriments of the Fourth Amendment from the Debtors' perspective as of its execution.

**TOPIC NO. 5:**

The financial condition of the Debtors before, and as a result of, the Fourth Amendment.