# LANDIS RATH & COBB LLP
### A LIMITED LIABILITY PARTNERSHIP
### ATTORNEYS AT LAW

919 MARKET STREET, SUITE 1800
P.O. BOX 2087
WILMINGTON, DELAWARE 19899
www.lrclaw.com

Matthew B. McGuire
Direct Dial: 302.467.4416
Email: mcguire@lrclaw.com

Telephone: 302.467.4400
Facsimile: 302.467.4450

May 12, 2026

***Via ECF***
Chief Judge Karen B. Owens
United State Bankruptcy Court for the District of Delaware
824 North Market Street
6th Floor, Courtroom 3
Wilmington, DE 19801

Re: ***Hudson 1701/1706 LLC, et al. v. 356W58 Ground Lessor, LLC, Adversary No. 25-52471 (KBO)***

Dear Judge Owens:

This firm is co-counsel to 356W58 Ground Lessor, LLC ("Landlord") in the above referenced bankruptcy adversary proceeding. We write in advance of the final pre-trial conference, currently scheduled for May 15, 2026 at 11:30 a.m., to highlight several important outstanding issues for the Court's consideration.

### A. **Proposed Pre-Trial Order & Motion to Dismiss.**

As the Court is aware, on February 4, 2026, Landlord filed its Motion to Dismiss Adversary Proceeding [Adv. D. I. 15] ("Motion to Dismiss") and the Court conducted oral argument on the Motion to Dismiss on April 21, 2026. At the oral argument on the Motion to Dismiss, while pointing out numerous pleading deficiencies with respect to the Complaint, the Court noted, "I'm conducting a trial that will set forth the pathway of this case and it's incomplete." April 21, 2026 Hr'g Tr. 150:1-2.

On the morning of May 11, 2026, the Debtors provided Landlord with a proposed pre-trial order (the "PTO"). Section IX of the PTO "Amendments to Pleadings" states "[e]ach of the Parties does not believe any amendments to the pleadings are necessary or appropriate at this time ***other than as set forth by the Debtors in the below Statement of Relief Requested***." (emphasis added).

In section X of the PTO, "Statement of Relief Requested" the Debtors have made the following additions (in bold and italics):

1. Entering a Declaration that the Ground Lease is not a true lease *but, rather, constitutes a loan from the Defendant to the Debtors or, in the alternative, creates a tenancy in common and a co-ownership agreement among the Defendant and the Debtors permitting the Debtors to exclusively use the Hudson Property for a 99-year term*. *If determined to be a loan, such loan may or may not be deemed secured because the Ground Lessor failed to (i) provide in the Ground Lease a "back-up" mortgage or security interest or (ii) record a "back-up" mortgage, record a financing statement, or otherwise perfect any interest in collateral, but instead only recorded a Memorandum of Lease. However, the Debtors would be amenable to a determination that the Defendant is nonetheless entitled to an equitable mortgage, the priority of which vis-à-vis the Parkview Loans the Debtors believe would require further proceedings.*

2. *If the Ground Lease is determined to constitute a loan, ordering a further proceeding to (i) determine whether the loan is secured (via an equitable lien or other lien) or unsecured and, if secured, the priority and extent of the lien, pursuant to Bankruptcy Rule 7001(b), and (ii) determine the amount of the secured claim held by the Defendant pursuant to Bankruptcy Code section 506(a) and Bankruptcy Rule 3012.*

The only relevant request for relief in the Complaint was a request "[e]ntering a Declaration that the Purported Ground Lease is not a true lease." The Debtors rationalize this requested addition in a footnote to the PTO, stating "[t]he italicized and bolded language reflects a clarification of the relief being sought by the Debtors, pursuant to the Court's request at the April 21, 2026 hearing."

Landlord has requested that the Debtors excise the expanded "Relief Requested" language from the PTO and they have refused. It is obvious that the Debtors recognize, and as the Court recognized at the April 21 hearing, that the Complaint contains fatal pleading errors and omissions that cannot be cured in the present posture of the case. The Motion to Dismiss has been pending since February 4, 2026, and the Debtors have had ample opportunity to seek leave to amend the Complaint during that time, according to well established precedent in this Court. It is inappropriate for the Debtors to use the PTO as a vehicle to attempt to amend the Complaint one week before trial is scheduled to begin.

Allowing the Debtors to effectively amend the Complaint through the PTO is materially prejudicial to Landlord's ability to defend itself against the *actual* claims asserted in the Complaint, violative of basic principles of due process and cannot be allowed to stand. Moreover, the Complaint's deficiencies and Debtors' behavior even after the Court raised these issues at the April 21 hearing cannot be swept aside for the sake of convenience and expediency.

B. **Pre-Trial Briefing.**

During the April 21, 2026 hearing on the Motion to Dismiss, the Court and Debtors' counsel had the following colloquy:

THE COURT: Where would be -- where would the basis for Parkview's lien come from?

MR. FAY: From the fact that it had a lien on the lease.

THE COURT: On the leasehold interest?

MR. FAY: Yes.

THE COURT: Wow. Okay. This is going to be an interesting trial and I look forward to it. (Laughter)

MR. FAY: Your Honor, I mean –

THE COURT: I would expect significant pretrial briefing on these issues.

April 21, 2026 Hr'g Tr. 151:8-20.

While the Amended Scheduling Order [Adv. D.I. 56] did not contemplate pre-trial briefing, the Debtors have informed Landlord that they intend to submit a pre-trial brief on Wednesday, May 13, 2026, in light of the Court's comments at the April 21 hearing.  Given the pleading infirmities in the Complaint that the Court has already noted, Landlord finds itself in the impossible position of having to respond to claims and/or remedies that have not been plead in the Complaint. As a result, Landlord has informed the Debtors that it intends to submit a responsive pre-trial brief on Monday, May 18, 2026 in advance of trial.

### C.  **Landlord's Answer/Counterclaims/Third-Party Claims.**

The Amended Scheduling Order did not provide a deadline for Landlord to file its answer and the parties have not otherwise agreed to such a deadline.  As the Court is aware, Landlord filed its Motion to Dismiss on February 4, 2026, satisfying its obligation to file a responsive pleading to the Complaint pursuant to Bankruptcy Rule 7012.  The Motion to Dismiss remains under advisement following the April 21, 2026 hearing.  Pursuant to Bankruptcy Rule 7012(a)(6)(A), Landlord's answer is not due until 14 days following a denial of the Motion to Dismiss.

Regardless,  Landlord intends to file an answer to the Complaint along with counterclaims against the Debtors and Third-Party Claims against Parkview prior to the beginning of trial.  In what manner those counterclaims and Third-Party Claims will be adjudicated will need to be agreed to among the parties or subject to the Court's direction.

Respectfully submitted,

*/s/ Matthew B. McGuire*

Matthew B. McGuire

cc:    Counsel of Record (*via ECF)*