**CHIPMAN BROWN
CICERO & COLE**

**DELAWARE | NEW YORK**

CHIPMAN BROWN CICERO & COLE, LLP
HERCULES PLAZA
1313 NORTH MARKET STREET, SUITE 5400
WILMINGTON, DELAWARE 19801
WWW.CHIPMANBROWN.COM

WILLIAM E. CHIPMAN, JR.
(302) 295-0193
Chipman@chipmanbrown.com

May 14, 2026

<u>VIA CM/ECF</u>

The Honorable Karen B. Owens
United States Bankruptcy Court, District of Delaware
824 N. Market Street, 6th Floor
Wilmington, Delaware 19801

> **Re:** *Hudson 1701/1706, LLC, et al. v. 356W58 Ground Lessor, LLC,*
> **Adv. Pro. No. 25-52471 (KBO)**

Dear Judge Owens:

We write on behalf of Hudson 1701/1706, LLC and Hudson 1702, LLC (collectively, the "**Debtors**") in response to the May 12, 2026 letter (D.I. 81, the "**Letter**") submitted by 356W58 Ground Lessor, LLC ("**MSP**") regarding the Debtors' draft pretrial order. The Debtors understand that they will receive more direction from the Court during tomorrow's conference and therefore write only to address MSP's contention that "the Complaint contains fatal pleading errors and omissions that cannot be cured in the present posture of the case." Letter at 2.

MSP argues in the Letter—which it did not even raise in its motion to dismiss—that the Debtors' request in their Complaint for recharacterization in a prayer for relief without specifying what the Debtors contend the transaction should be recharacterized as renders the Complaint deficient. This argument is wrong, and MSP provides no authority supporting it. To the contrary, in *In re PCH Associates*, the Second Circuit Court of Appeals explained that a "dispositive" ruling in a recharacterization case did not need to reach the issue of the transaction's true nature:

> We interpret section 365(d)(3), (4) of the Bankruptcy Code to apply solely to a "true" or "bona fide" lease. The Ground Lease is not, in our opinion, a true lease as contemplated therein and we find that determination dispositive of the case. It is unnecessary, therefore, to identify the transaction as a joint venture, security agreement, subordinated financing, or other investment scheme. Suffice it to say that it is not a bona fide lease for purposes of the Bankruptcy Code.

804 F.2d 193, 198-99 (2d Cir. 1986). Accordingly, the fact that the Debtors' Complaint sought recharacterization without specifying what the transaction should ultimately be construed as was not a "fatal pleading error[]."

The Honorable Karen B. Owens
May 14, 2026
Page 2

Further, even if the Debtors were required to specify the nature of the Ground Lease if not a true lease, clarifying the relief they are seeking at this stage is procedurally proper. Indeed, Rule 54(c) of the Federal Rules of Civil Procedure specifically provides that every "final judgment should grant the relief to which each party is entitled, ***even if the party has not demanded that relief in its pleadings***." Rule 15(b)(1) also permits plaintiffs to amend their pleadings based on evidence presented during trial, and states that the Court should "freely permit an amendment" unless the objecting party can show that it would be prejudiced by the amendment.

Accordingly, courts routinely permit litigants to clarify the relief they are requesting prior to and at trial—whether through a formal amendment or otherwise—and MSP fails to cite any authority to the contrary. In *Cooper v. Garman*, 2024 WL 4043505, at *5-6 (M.D. Pa. Sept. 4, 2024), for example, the court denied the defendant's motion in limine to preclude the plaintiff from requesting compensatory damages set forth in the plaintiff's pretrial memorandum, but not in the complaint. The court reasoned that the plaintiff was "not seeking to add a new claim or theory of relief," but rather was "only seeking to add a different form of relief than he requested in the complaint," and "Rule 54(c) provides a mechanism by which this Court may allow [plaintiff] to seek [the additional] damages . . . at trial." *Id.* The court further explained that "[e]ven if the Court determined that Rule 54(c) did not apply . . . Rule 15(b) would allow [plaintiff] to seek [the additional] damages . . . at trial." *Id.* at *6; *see also Doltz v. Harris & Assocs.*, 280 F. Supp. 2d 377, 391-93 (E.D. Pa. 2003) (granting leave to amend to add an alternative theory of relief to the complaint less than a month before trial).

Nor is there any need for a formal amendment of the Debtors' complaint because, under Rule 16(e), a pretrial order "in substance takes the place of pleadings covered by the pretrial order." *Basista v. Weir*, 340 F.2d 74, 85 (3d Cir. 1965); *see also Rockwell International Corp. v. United States*, 549 U.S. 457, 474 (2007) ("a final pretrial order [] superseded all prior pleadings").

Finally, the Debtors' insertion of language in the draft pretrial order regarding the relief the Debtors seek pursuant to their Complaint was in direct response to the Court's request for such clarification at the April 21, 2026 hearing. *See* April 21, 2026 Hr'g Tr. at 151:19-20. Notably, the clarifying language did not inject new facts or claims by the Debtors. As such, again, MSP's complaints regarding the clarifying language and the asserted fatal pleading errors by the Debtors are misplaced.

Nevertheless, the Debtors are willing to promptly amend their Complaint if it would be helpful for the Court, and they can be prepared to do so by May 22, 2026.

Respectfully,

*/s/ William E. Chipman, Jr.*

William E. Chipman, Jr. (No. 3818)

cc:  All Counsel of Record (via CM/ECF)