# EXHIBIT S

MSF
Meister Seelig & Fein PLLC

*Stephen B. Meister*
Direct: 212-655-3551
Fax: 646-539-3651
Email: sbm@msf-law.com

October 18, 2024

***VIA ELECTRONIC MAIL and FEDEX OVERNIGHT***
Parkview Financial REIT, LP
11601 Wilshire Boulevard, Suite 2100
Los Angeles, California 90025
Attention: Mr. Ted Jung
ted@parkviewfinancial.com

**Re: Response to Notice of Events of Default dated October 11, 2024 – Hudson Hotel Project**

Dear Mr. Jung:

This firm is counsel to Borrower, Pledgor, Guarantor and Tenant.[1] We write in response to your letter dated October 11, 2024 (the "October 11 Letter"), alleging several Events of Default ("EOD") under the Loan Agreement for the Hudson Hotel project. We note that your letter comes shortly after Borrower notified Parkview that it is prepared to assert claims against Parkview based on Parkview's fraudulent and bad faith conduct and material breach of its obligations under the Loan Agreement. In any event, after a thorough review of your claims, we find them to be factually and legally baseless. We formally reject the assertions made and demand that all claimed defaults be immediately withdrawn. Our detailed response is set forth below.

1. Alleged Ground Lease Default

Your assertion that Tenant failed to notify Landlord of the DOB's decision, on or about August 21, 2023, regarding window usage, is not supported by the facts. Landlord has been kept fully informed throughout the project, and there has been no material harm or impact resulting from any purported delay. Thus, any assertion of "willful misconduct, bad faith, or gross negligence" is grossly inaccurate, legally defective, and appears to be an attempt to create a default where none exists.

Indeed, Section 49(f) of the Ground Lease addresses the sharing of communications from DOB concerning the Tenant Protection Plan, the Project or an SRO Tenant. An alleged oversight with respect to Section 49(f) cannot possibly constitute an Event of Default for "*fraud, embezzlement, willful misconduct, bad faith or gross negligence*" under Section 21(j), because the bases for an Event of Default

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Loan Agreement, the Ground Lease, and the October 11 Letter.

under Sections 48 and 49 are separately and independently addressed in Section 21(d). No Event of Default has been asserted under Section 21(d).

In any event, the failure to provide immediate notice was a minor oversight that has since been cured. Consequently, this alleged default is legally defective, factually inaccurate, and must be immediately retracted. Failure to do so will leave us no choice but to pursue all available remedies to protect our interests.

2. Alleged Inadequate Insurance Coverage

Your claim that Borrower has failed to ensure that subcontractors maintain compliant insurance coverage under Section 2.11(e) of the Building Security Instrument is similarly baseless. As you know, because we have an OCIP insurance policy, the subcontractors' insurance each needs to conform with our OCIP insurance. As you also know, this process is both extensive and ongoing, and Borrower is working diligently to finalize it.

Further, Borrower's CGL policy clearly states that coverage remains intact even if a subcontractor's insurance is deficient. The only consequence is an increased deductible of $100,000, which has been communicated to your representatives Brian Flanagan and Leonidas Milas on September 4, 2024. At that time, both representatives acknowledged and endorsed our approach, and thus accepted and ratified our continued efforts to bring all subcontractors into compliance. Therefore, Parkview cannot claim a "default" on this basis. Accordingly, your claim of "default" is inconsistent with the facts and meritless, and we demand its immediate withdrawal.

3. Alleged Inability to Pay Debts When Due

The assertion that Borrower is unable to pay its debts when due under Section 9.1(h) of the Loan Agreement is legally defective, speculative, and unsupported by any facts. The respective principal and interest amounts you reference are not yet due. As of today, no amounts are overdue, and there is no legal basis for alleging an Event of Default based on future financial projections. Further, an Event of Default based on maturity is expressly and independently addressed in Section 9.1(b) of the Loan Agreement, and thus Section 9.1(h) cannot be used as an accelerated maturity default.

In addition, as you know from our prior communications concerning Borrower's claims against Parkview, based on Parkview's bad faith refusal to fund proper draw requests, fraud, and other misconduct, Parkview has frustrated Borrower's ability to pay the debt in full on the Maturity Date. Indeed, by refusing to fund the proper draw requests and engaging in other wrongful conduct, Parkview has caused the issues hindering Borrower's ability to pay the loan debt at maturity.

Accordingly, any claim that an "inability to pay" has arisen is legally defective, a distortion of the true facts, and constitutes an improper attempt to manufacture a default where none exists. Simply stated, Parkview is in material breach of its contractual obligations, not Borrower. Thus, we reject this assertion entirely and demand that this purported default be withdrawn immediately.

4. Tenant Protection Plan (TPP) Compliance

Although it is not a "Specified Event of Default" in the October 11 Letter, for the avoidance of doubt, Borrower has fully complied with the Tenant Protection Plan as required under the Ground Lease. The independent inspection report (Report No. 359406 dated September 24, 2024) clearly establishes that compliance is substantially complete, with only five minor issues remaining from 186 complaints, all of which are being addressed. The DOB has been kept fully informed, and there is no basis for asserting a default. Any suggestion (by Landlord) that we are in default on this issue is inaccurate and unfounded.

5. Reservation of Rights

Parkview's allegations of default are not only unsupported by the facts and legally defective, but they also appear to be part of a broader strategy to manufacture defaults for the purpose of exerting undue pressure. We will not tolerate this. If these alleged "defaults" are not immediately withdrawn, we will have no choice but to take legal action to protect our rights, including pursuing claims for damages arising from Parkview's bad-faith actions.

Further, any further attempts by Parkview to declare a default or accelerate the loan based on these baseless claims will be met with immediate legal action, which may include seeking injunctive relief, specific performance, and damages for breach of the Loan Agreement.

For the avoidance of doubt, all claims of "default" by Landlord (in its letter dated October 8, 2024) and Parkview, respectively, are rejected as baseless. We remain committed to completing the Hudson Hotel project in accordance with the terms of the Loan Agreement and expect that Parkview will do the same. We demand that you immediately withdraw all purported defaults and confirm in writing that no further action will be taken.

We reserve all rights under the Loan Agreement, applicable law, and equity.

Sincerely,

DocuSigned by:
Stephen B. Meister
1C3E4EF2591046C...
Stephen B. Meister

cc: (*By Email and FedEx*)

Paul S. Rahimian
c/o Parkview Financial REIT, LP
11601 Wilshire Boulevard, Suite 2100
Los Angeles, California 90025
Paul@parkviewfinancial.com

356W58 Ground Lessor LLC
c/o GLR Capital Investments, L.L.C.
2801 North Harwood Street, Suite 1200
Dallas, Texas 75201
Attn: Max Nippon
nipon@mspcm.com

Adler & Stachenfield LLP
555 Madison Avenue, 6th Floor
New York, New York 10022
Attn: Danielle Ash, Esq.
dash@adstach.com