# EXHIBIT V

**PARKVIEW FINANCIAL REIT, LP**
11601 Wilshire Boulevard, Suite 2100
Los Angeles, California 90025

June 5, 2025

*VIA ELECTRONIC MAIL*
*AND VIA OVERNIGHT COURIER*

Alberto Smeke Saba
Salomon Smeke Saba
59 Columbus Avenue, Unit #1082
New York, New York 10024
Email: as@cscre.us
ss@cscre.us
(collectively, "Guarantor")

Re: Notice of Default Under Financial Agreement

Dear Messrs. Saba and Saba,

Reference is made to that certain Agreement dated as of April 10, 2025 by and among Parkview Financial REIT, LP as Administrative Agent, Borrower[1], CSC Hudson LLC ("Holdings"), Guarantor, and 356W58 Ground Lessor, LLC ("Ground Lessor") (the "Financial Agreement").

Section 3.3(b) of the Financial Agreement provides as follows:

> The Guarantor agrees to cause the Borrower to submit to HPD, the IH Unit and each other applicable agency, on or before May 30, 2025 (the "HPD Submission Date"), all materials necessary to achieve the Cure Approval and Lifting of Stop Work Order[2] (the "Applicable HPD Materials") and thereafter to use its best efforts to obtain the Cure Approval and Lifting of Stop Work and all approvals, permits and licenses required to complete the construction and development of the Project as soon thereafter as possible.

[1] Capitalized terms not otherwise defined have the meaning provided to them in the Financial Agreement.

[2] Pursuant to Section 3.3(b) of the Financial Agreement, the term "Cure Approval and Lifting of the Stop Work Order" means, if so obtained, an agreement from the New York City Department of Housing Preservation and Development ("HPD"), duly executed by HPD and all other parties party thereto . . . that (i) cures the public record of any Finding of Harassments (as such term is defined in the Ground Lease) and requires that 28% of the residential or hotel floor area of the Project be rented to individuals earning at or below 80% of the Area Median Income (the "Affordability Requirement") in perpetuity, including, without limitation, making an election to submit the Property to a Rent Regulation Program that would result in such cure and determination (together with a final Cure Agreement (the "Cure Agreement") with HPD's Inclusionary Housing Unit (the "IH Unit") that stipulates satisfaction of the Affordability Requirement, together with a regulatory agreement, subordination non-disturbance and atonement agreement and such other deliverables as HPD may require as conditions to issuing a Cure Certificate for the Project (together with the Cure Agreement, collectively, the "Cure Documents") (ii) results in all stop work orders issued by the New York City Department of Buildings and other applicable agency being lifted and the New York City Department of Buildings, granting all approvals, permits and licenses required to complete the construction and development of the Project.

Section 3.3(e) of the Financial Agreement provides as follows:

> The Guarantor shall submit to the Administrative Agent and Ground Lessor for its review and approval drafts of all submissions proposed to be made to, and drafts of all agreements proposed to be entered into with, HPD, the IH Unit, the New York City Department of Buildings or any other applicable agency . . . in connection with any of the matters described in this Section 3.3. If the Administrative Agent or Ground Lessor provides comments on any such proposed submissions or drafts, the Guarantor shall reasonably consider such comments and reasonably revise such proposed submissions or drafts in accordance with such comments and submit the submissions and agreements in the forms approved by the Administrative Agent and Ground Lessor, which approval shall not be unreasonably withheld, conditioned or delayed.

Section 2.3 of the Financial Agreement provides that "[t]ime is of the essence with respect to each and every term and condition set forth in this Agreement."

PLEASE TAKE NOTICE that Guarantor has materially breached and is continuing to breach Section 3.3(b) of the Financial Agreement by failing to cause Borrower to submit the Applicable HPD Materials by the HPD Submission Date of May 30, 2025. Moreover, Guarantor has failed to submit to Administrative Agent and Ground Lessor for its review and approval drafts of the Applicable HPD Materials pursuant to Section 3.3(e) of the Financial Agreement.

Administrative Agent hereby demands that Guarantor provide Administrative Agent and Ground Lessor drafts of the Applicable HPD Materials for its review and approval pursuant to Section 3.3(e) no later than **June 9, 2025.** Administrative Agent hereby further demands that Guarantor submit the Applicable HPD Materials pursuant to Section 3.3(b) **within 24 hours** of receipt of approval of such drafts by Administrative Agent under Section 3.3(e).

Lender and Administrative Agent have not waived, nor hereby waive, any breach of the Financial Agreement or any Default or Event of Default which may exist or arise under the Loan Agreement or any other Loan Documents. Lender and Administrative Agent hereby expressly reserve all rights, powers and remedies available to them under the Financial Agreement, the Loan Agreement and any other Loan Documents or at law or in equity, any or all of which may be exercised by Lender or Administrative Agent at its discretion at any time or times, without any notice (except as otherwise required by the terms of the Loan Documents).

No failure on the part of Lender or Administrative Agent to exercise and no delay in exercising, and no course of dealing with respect to, any right, remedy, power or privilege available under any of the Financial Agreement, the Loan Agreement, or any other Loan Documents, applicable law or otherwise, shall be deemed or constitute (x) a waiver of, or consent by Lender or Administrative Agent to any breach or Events of Default, whether now existing or hereafter arising under the Financial Agreement or Loan Documents, (y) a waiver by Lender or Administrative Agent of any rights, remedies, privileges, offsets, claims, or other causes of action that Lender or Administrative Agent may have against the Borrower, Guarantor, or Pledgor

under the Financial Agreement, the Loan Agreement or the other Loan Documents, all of which rights, remedies, privileges, offsets, claims, or other causes of action are hereby expressly reserved by Lender and Administrative Agent. No single or partial exercise of any rights, remedies, power, or privilege under the Financial Agreement, the Loan Agreement or any of the other Loan Documents shall preclude other or further exercise thereof or the exercise of any other right, remedy, power, or privilege, all of which rights, remedies, powers, and privileges are hereby expressly reserved by Lender and Administrative Agent.

Lender and Administrative Agent expect the Borrower and Guarantor to strictly comply at all times with the terms and provisions of the Financial Agreement, the Loan Agreement and the other Loan Documents.

Additionally, negotiations, if any, between Borrower, Guarantor, Pledgor, their advisors or any other person or entity, and Lender or Administrative Agent, and their respective advisors, shall not constitute a waiver of any rights or remedies available to Lender or Administrative Agent under the Financial Agreement, the Loan Agreement or the other Loan Documents, at law or in equity, including but not limited to those described in this letter. Borrower, Guarantor, and Pledgor shall not be entitled to rely upon any verbal statements made or purported to be made by or on behalf of Lender or Administrative Agent in connection with any alleged agreement by Lender or Administrative Agent to modify any provisions of the Financial Agreement, the Loan Agreement or the other Loan Documents or to refrain from exercising any of their rights or remedies under the Financial Agreement, the Loan Agreement or any other Loan Document, at law or in equity, it being understood that any waiver, amendment or other variation of the terms, conditions, or provisions of the Financial Agreement, the Loan Agreement or any other Loan Document whatsoever shall only be effective if set forth in writing and executed by representatives of the persons required pursuant to the Financial Agreement or Section 12.7 of the Loan Agreement, as applicable, duly authorized to do so, and then only to the extent specifically set forth in such writing. This letter shall be governed by and construed in accordance with the laws of the State of New York.

[*signature page follows*]

Very truly yours,

**Parkview Financial REIT, LP**

as Administrative Agent

By:______________________________

Name: Ted Jung

Title: Authorized Signatory

cc: K&L Gates LLP
599 Lexington Avenue, 32nd Floor
New York, NY 10022
Attention: Robert Salame, Esq.
Email: robert.Salame@klgates.com
(*by email and overnight courier*)

356W Ground Lessor LLC
c/o GLR Capital Investments, L.L.C.
2801 North Harwood Street, Suite 1200
Dallas, Texas 75201
Attn: Luke Pak
Email: pak@mspcm.com
(*by email and overnight courier*)

356W Ground Lessor LLC
c/o GLR Capital Investments, L.L.C.
2801 North Harwood Street, Suite 1200
Dallas, Texas 75201
Attn: Max Lamont
Email: lamont@mspcm.com
(*by email and overnight courier*)

Paul S. Rahimian (*by email only*)
Neal Kronley (*by email only*)
Gerald Shepherd (*by email only*)