**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Hudson 1701/1706, LLC, *et al.*,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11853 (KBO)<br>(Jointly Administered) |
| HUDSON 1701/1706, LLC, a Delaware limited liability company; and HUDSON 1702, LLC, a Delaware limited liability company,<br>Plaintiffs,<br><br>v.<br><br>356W58 GROUND LESSOR LLC, a Delaware limited liability company,<br><br>Defendant. | Adv. Pro. No. 25-52471 (KBO) |

**PRETRIAL AND TRIAL SCHEDULING ORDER**

To promote the efficient and expeditious disposition of the above-captioned adversary proceeding, the following schedule shall apply. It is hereby ORDERED that:

1. The requirements of Fed. R. Civ. P. 26(f) and Fed. R. Bankr. P. 7026 (e.g., mandatory meeting before scheduling conference/discovery plan) are deemed satisfied. The parties are not required to file a discovery plan as contemplated by Fed. R. Civ. P. 26(f)(3).

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Hudson 1701/1706, LLC (0281) and Hudson 1702, LLC (0190). The Debtors' mailing address is c/o FTI Consulting, Inc. Attn: Alan Tantleff, 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

2. Supplemental Expert Discovery.

a. The parties shall conduct discovery consistent with the applicable Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and Local Rules of the United States Bankruptcy Court for the District of Delaware.

b. If the parties agree or the Court orders, any deposition may be conducted remotely by video via Zoom or similar technology.

c. All supplemental expert reports shall be served by **October 26, 2026**.

d. All expert rebuttal reports shall be served by **November 6, 2026**.

e. All expert discovery shall be completed, and all discovery shall close, by **November 13, 2026**.

3. Dispositive Motions. The parties agree that dispositive motions shall not be permitted.

4. Witnesses and Exhibits. By no later than 4 p.m. (Eastern) on **November 13, 2026**, each party shall serve the following:

a. A list of trial witnesses, who shall be listed in the order in which they are anticipated to be called along with a brief statement of the evidence the witness is anticipated to give. Witnesses shall be designated as either a witness who a party expects to present or a witness who a party may call if the need arises. If not already provided to all parties, the address and telephone number of each witness shall be disclosed.

b. A list of exhibits to be offered into evidence at trial, together with a hard copy of all such exhibits which shall be serially numbered and physically marked before trial (e.g., "Debtors' Ex. 1" or "Defendant's Ex. 1"); and

c. Any discovery item or trial deposition to be offered into evidence at trial. Counsel shall designate by page number the portion of any deposition testimony and by request number the interrogatories which shall be offered into evidence at trial.

5. Motions in Limine. Any motions in limine shall be filed by no later than 4 p.m. (Eastern) on **November 17, 2026**. Oppositions to motions in limine shall be filed by no later than 4 p.m. (Eastern) on **November 20, 2026.**

6. Pretrial Briefs. The parties shall file pretrial briefs by no later than 4:00 p.m. (Eastern) on **November 20, 2026**.

7. Joint Pretrial Order. By no later than 4:00 p.m. (Eastern) on **November 20, 2026**, the parties shall file a Joint Pretrial Order. Among other things, the Joint Pretrial Order should contain the following as to each party:

a. Basis of jurisdiction (including a statement whether this matter is core or noncore). If the matter is noncore, the parties shall state whether they consent to the Court's entry of a final order pursuant to 28 U.S.C. § 157(c)(2). If the parties disagree, they shall each cite to relevant authority to support their positions;

b. Statement of uncontested facts;

c. Statement of facts which are in dispute. No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at trial or genuinely challenges the fact on credibility grounds;

d. Statement of damages claimed or relief sought;

e. Legal issues presented and the authorities relied upon, as well as which party has the burden of proof.

f. Witnesses listed in the order they are anticipated to be called;

g. A list of all exhibits to be offered into evidence; and

h. A list of each discovery item and trial deposition to be offered into evidence.

**8.** Final Pretrial Conference. The virtual Final Pretrial Conference will be held on **November 24, 2026 at 9:30 a.m (Eastern).**

9. Trial Exhibits. At least two (2) days prior to the start of trial, each party shall deliver to the Court sufficient copies of all pre-marked exhibits assembled in binders and appropriately

tabbed or otherwise identified, so the Court, the clerk, the witness, and all counsel will have a copy.

10. Trial. An in-person trial of this adversary proceeding will begin on **December 2, 2026 at 9:30 a.m. (Eastern)** and continue as needed on **December 3, 2026 at 9:30 a.m. (Eastern)** and **December 4, 2026 at 9:30 a.m. (Eastern)** at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 6th Floor, Courtroom #3, Wilmington, Delaware 19801.

11. Parties must be prepared to proceed to trial on the scheduled date.

12. Deadlines contained in this Order may be extended upon agreement of the parties or by further order of the Court.

**Dated: October 2nd, 2026**
**Wilmington, Delaware**

Ka B. Ow

**KAREN B. OWENS**
**CHIEF JUDGE**